UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
SHAKUFF LLC,                                          :
                                                     :
                              Plaintiff,             :          REPORT AND
                                                     :          RECOMMENDATION
              -against-                               :
                                                     :          No. 23-CV-123-EK-JRC
SHAKUFF CUSTOM GLASS LIGHTING INC.,                   :
                                                     :
                              Defendant.             :
-------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

Plaintiff Shakuff LLC ("Shakuff" or "plaintiff") commenced this action against Shakuff

Custom Glass Lighting Inc. ("SCGL" or "defendant"[1]), alleging trademark infringement and

false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) (First and Second

Causes of Action); trademark infringement, injury to business reputation and dilution, and

deceptive acts and practices under New York common law and New York General Business

Laws ("N.Y. Gen. Bus. Law") §§ 360-k, 360-l, 349 (Third, Fourth and Sixth Causes of Action);

and unfair competition under New York common law (Fifth Cause of Action).  *See generally*

Compl., Dkt. 1.  Plaintiff seeks only injunctive relief barring defendant from using the term

"Shakuff."  Plaintiff does not seek compensatory damages or attorney's fees.  *See* Mem. of Law

in Support of Pl.'s Mot. for Default J. ("Pl.'s Mem.") at 1, Dkt. 27-10 at ECF page[2] 7.

Upon plaintiff's application and in light of defendant's failure to appear in or otherwise

---

[1] Plaintiff also named individual defendant Rongjin Chen ("Chen") in the Complaint.  Chen's sister appeared at the December 4, 2024 hearing on plaintiff's motion for default judgment and explained that Chen, who has difficulty speaking English, had been the victim of identity theft and never created and is not affiliated with SCGL.  *See* Minute Entry dated Dec. 4, 2024.  In response, on January 7, 2025, plaintiff voluntarily filed a motion of discontinuance as to Chen effectively dismissing the claims against him.  *See* Not. of Voluntary Discontinuance as to Def. Rongjin Chen, Dkt. 33.

[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

defend this action, the Clerk of the Court entered defendant's default on April 5, 2023.  *See* Clerk's Entry of Default, Dkt. 16.  Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, is plaintiff's motion for default judgment.  *See* Mot. for Default J., Dkt. 27; Order Referring Mot. dated June 7, 2024.

For the reasons described below, this Court respectfully recommends granting, in part, plaintiff's motion for default judgment.

**BACKGROUND**

### I.    Factual Background[3]

Shakuff provides custom lighting for high-end residential clients and interior design studios.  Compl. ¶ 11.  Shakuff was formed in 2007 and maintains an office and showroom in Brooklyn, New York.  *Id.* ¶¶ 12, 19.  Shakuff also maintains a national presence through its website (shakuff.com) and select licensed partners located in the United States and abroad.  *Id.* ¶ 19.

Shakuff's products and intellectual property are registered with the United States Patent and Trademark Office ("USPTO").  *Id.* ¶ 13.  Plaintiff first used the trademarked items in May 2007.  *Id.* ¶ 14.  On July 16, 2021, plaintiff registered the trademark "Shakuff" with the USPTO in connection with lighting fixtures, chandeliers, pendant lighting fixtures, lamps, floor lamps, table lamps, and wall lights.  *See* Dkts. 27-3 (registration), 27-4 (application).[4]  The USPTO granted Shakuff the trademark in July 2022.  Aff. of Joseph Sidof ("Sidof Aff.") ¶ 6, Dkt. 27-7.

---

[3] The facts in this section are taken from the Complaint (Dkt. 1) and are assumed true for purposes of this report and recommendation.

[4] Paragraph 16 of the Complaint incorrectly states that the application was filed on July 21, 2021.  *Compare* Compl. ¶ 16 ("On July 21, 2021, Shakuff LLC registered the word 'Shakuff' . . . ."), *with* Dkt. 27-4 (listing July 16, 2021, as the "Filing Date").

"Shakuff offers a broad range of products for sale in connection with its registered trademark." *Id*. Plaintiff maintains its ownership of the "Shakuff" trademark under U.S. Serial Number 90-833,977 and Registration Number 6,803,748.[5] Dkt. 27-3; *see* Sidof Aff. ¶ 5.

On November 17, 2022, Shakuff Custom Glass Lighting Inc. ("SCGL") was incorporated with the New York State Secretary of State. Compl. ¶ 9. Chen was listed as the registered agent for SCGL and the company's address for service of process was 4121 147th Street, Flushing, New York, 11355. *Id.* ¶¶ 9, 10. SCGL purportedly sells custom glass lighting products and maintains a physical office location in Flushing, New York. *Id.* ¶¶ 20, 21.

## II.   Procedural Background

Plaintiff has properly alleged jurisdiction pursuant to the Lanham Act and 28 U.S.C. § 1338. *See* Compl. ¶¶ 1, 2. Venue is proper pursuant to 28 U.S.C. § 1391, as defendant's principal place of business is purportedly within the Eastern District of New York. *See* Compl. ¶¶ 7, 9, 21.

Plaintiff properly served SCGL on February 7, 2023, by delivering a copy of the Summons and Complaint to Sue Zouky, an agent in the Office of the Secretary of State authorized to accept service for SCGL.[6] *See* Dkt. 10; Fed. R. Civ. P. 4(e)(1), 4(h)(1) (permitting service on a corporation in a manner authorized by the law of the forum state); N.Y. Bus. Corp. Law § 306(b)(1) (providing for service of process on a corporation by personally delivering process to New York's Secretary of State). SCGL's response to the Complaint was due February 28, 2023. *See* Dkt. 10. SCGL failed to answer the Complaint or otherwise appear in this case, and on April 5, 2023, the Clerk of the Court entered default against SCGL. *See* Clerk's Entry of

---

[5] Paragraph 15 of the Complaint incorrectly refers to the registration number as 6803397.

[6] Plaintiff also served individual defendant Chen at SCGL's registered address. *See* Dkt. 9

Default, Dkt. 16.

On April 7, 2023, plaintiff filed a motion for default judgment, which the Court denied on November 2, 2023, due to procedural deficiencies. *See* Mot. for Default J., Dkt. 17; Order dated Nov. 2, 2023 (denying plaintiff's motion for default judgment for failure to comply with Local Civil Rule 55.2(b)). Plaintiff filed a second motion for default judgment on November 28, 2023. *See* Mot. for Default J., Dkt. 24. Plaintiff's second motion for default judgment failed to comply with Local Rules 7.1 and 55.2(c), and the Court directed plaintiff to either supplement the motion or withdraw the motion with leave to re-file. *See* Order dated May 14, 2024. Plaintiff withdrew the motion and filed the instant motion for default judgment against SCGL and defendant Chen on June 6, 2024, which Judge Komitee referred to the undersigned. *See* Mot. to Withdraw Mot., Dkt. 26; Mot. for Default J., Dkt. 27, Order Referring Mot. dated June 7, 2024.

On December 4, 2024, the undersigned held a hearing on the motion for default judgment, and Chen's sister appeared and participated on behalf of Chen. *See* Minute Entry dated Dec. 4, 2024. She informed this Court that Chen had been the victim of identity theft and had never been affiliated with SCGL. *See id.* She also confirmed that the registered address for SCGL had been Chen's prior address. Plaintiff thereafter filed a notice of discontinuance as to Chen on January 7, 2025. *See* Dkt. 33. At this time, plaintiff seeks default judgment as to the corporate defendant SCGL only.

## DISCUSSION

## I.    Default Judgment Standard

Under Rule 55 of the Federal Rules of Civil Procedure, entering a default judgment against a defendant is a two-step process. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Rule 55 provides a 'two-step process' for the entry of

judgment against a party who fails to defend:  first, the entry of a default, and second, the entry

of a default judgment." (citation omitted)).  First, the Clerk of the Court enters the default

pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case.  *See*

Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

must enter the party's default.").  This first step is nondiscretionary.  *See United States v.

Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).  Second, after the Clerk of the Court enters a

defendant's default, if that party fails to appear or otherwise move to set aside the default

pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment.  *See* Fed R.

Civ. P. 55 (b)(2).

On April 5, 2023, the Clerk of the Court entered a certificate of default against SCGL

after it failed to appear or defend this action.  *See* Clerk's Entry of Default, Dkt. 16.  Since then,

defendant SCGL has not appeared or moved to vacate the entry of default.

Whether or not a default judgment is then issued is within the discretion of the court.  *See

Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 54 (E.D.N.Y. 2022) ("The decision to grant a

motion for default judgment is left to the sound discretion of the district court.").  When

evaluating a plaintiff's application for a default judgment, "a court is required to accept all . . .

factual allegations as true and draw all reasonable inferences in [plaintiff's] favor."  *Finkel v.

Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  "Nevertheless, it remains for the court to consider

whether the unchallenged facts constitute a legitimate cause of action, since a party in default

does not admit conclusions of law."  *Labarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270

(E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also TAGC Mgmt., LLC v.

Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default

5

judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." (internal quotation marks and citation omitted)).

"Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).  While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard."  *Enron Oil*, 10 F.3d at 95–96.  Thus, in light of the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party.  *See id.* at 95.  Accordingly, "plaintiff is not entitled to a default judgment as a matter of right" simply because defendant is in default. *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).

A default serves as the defendant's admission that the complaint's well-pleaded factual allegations are true.  *See Mickalis Pawn Shop*, 645 F.3d at 137; *Finkel*, 577 F.3d at 84 (after default the "court is required to accept all of the [plaintiff's] [well-pleaded] allegations as true and draw all reasonable inferences in its favor").  A fact is not considered "well-pleaded," however, "if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice . . . or is contrary to uncontroverted material in the file of the case."  *Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-03259, 2013 WL

3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (internal quotation marks and citations omitted).

Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound

discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div.

1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F.

Supp. 3d 593, 606 (E.D.N.Y. 2017).

Here, SCGL did not respond to the Complaint despite proper service and has failed to

appear in the action. *See* Dkt. 10; Clerk's Entry of Default, Dkt. 16. Plaintiff filed affidavits

confirming service upon SCGL of its initial motion for default judgment as well as the present

motion, this Court's Order scheduling a hearing on the present motion, and the Minute Entry

following the motion hearing. *See* Dkts. 22, 27-11, 30, 31. Defendant nonetheless failed to

respond to plaintiff's motion for default judgment or otherwise defend this action.[7] Accordingly,

this Court recommends finding that SCGL's failure to answer or otherwise respond to the

Complaint constitutes an admission of the factual allegations therein, and now proceeds to

consider whether those facts establish defendant's liability under federal and state law.

## II.    Liability

Plaintiff moves for default judgment on its claims of trademark infringement and false

designation of origin under the Lanham Act (First and Second Causes of Action); claims of

trademark infringement, injury to business reputation and dilution of trademark, and deceptive

acts and practices under New York state law and common law (Third, Fourth, and Sixth Causes

of Action); and claim of unfair competition under New York common law (Fifth Cause of

Action). For the reasons set forth below, this Court concludes that plaintiff sufficiently alleges

---

[7] This Court notes that the individual who incorporated SCGL appears to have fraudulently used Chen's name and former address to do so. *See* Minute Entry dated Dec. 4, 2024. Therefore, it is unlikely that any future service upon defendant SCGL will be successful.

facts giving rise to liability.

### A.    Trademark Infringement Under the Lanham Act (First Cause of Action)

As a threshold matter, to succeed on its Lanham Act trademark infringement claim, plaintiff must satisfy the following three elements:  (1) plaintiff has a valid mark entitled to protection; (2) defendant used the mark in commerce; and (3) defendant used the mark without plaintiff's consent.  *See Cap. One Fin. Corp. v. Cap. One Certified Inc*., No. 18-CV-580, 2019 WL 1299266, at *2 (E.D.N.Y. Mar. 5, 2019) (citing *1-800 Contacts, Inc. v. WhenU.com, Inc*., 414 F.3d 400, 406–07 (2d Cir. 2005)), *report and recommendation adopted*, 2019 WL 1299661 (E.D.N.Y. Mar. 21, 2019).  Further, plaintiff "must establish a likelihood of consumer confusion as to the source or sponsorship of defendant's products." *Joules Ltd. v. Macy's Merch. Grp*., 695 F. App'x 633, 636 (2d Cir. 2017) (summary order).[8]

### 1.    Plaintiff has satisfied the threshold elements

First, Courts construe a properly filed registration as conclusive evidence of the validity of a registered trademark and, thus, as giving the holder of the mark "the exclusive right to use the mark on or in connection with the goods or services specified."  15 U.S.C. § 1115(b); *see also Guner + Jahr*, 991 F.2d at 1076 (2d Cir. 1993) ("[A] mark registered by its owner shall be prima facie evidence of the registrant's exclusive right to use the mark in commerce on the product.").

Plaintiff alleges that it owns the "Shakuff" trademark.  *See* Compl. ¶ 16.  Plaintiff applied for the "Shakuff" trademark in July 2021, which was subsequently registered on July 26, 2022.

---

[8] A plaintiff asserting a trademark infringement claim under the Lanham Act (15 U.S.C. § 1114), must establish that the defendant, "(1) without consent, (2) used in commerce, (3) a reproduction, copy or colorable imitation of plaintiff's registered mark, as part of the sale or distribution of goods or services, and (4) that such a use is likely to cause confusion." *Gruner + Jahr USA Publ'g, a Div. of Gruner + Jahr Printing & Publ'g Co. v. Meredith Corp*., 991 F.2d 1072, 1075 (2d Cir.1993) (citing 15 U.S.C. § 1114(1)(a)).

*See* Dkt. 27-3.  The Shakuff trademark bears the registration number 6,803,748 and the serial number 90-833,977.  *Id.*

Defendant SCGL was incorporated on November 17, 2022, more than 15 years after plaintiff first began using the name Shakuff in 2007 in connection with the sale of custom lighting products.  *See* Compl. ¶¶ 9, 12, 14.  When SCGL was incorporated, "Shakuff" was already a federally-registered trademark.[9]  *See id.* ¶ 16.  This Court finds that plaintiff has satisfied the first threshold element.

Second, under the Lanham Act, a defendant has used the mark in commerce if "it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale."  *See* 15 U.S.C. § 1127. "A plaintiff is not required to demonstrate that a defendant made use of the mark in any particular way to satisfy the 'use in commerce' requirement."  *Kelly-Brown v. Winfrey*, 717 F.3d 295, 305 (2d Cir. 2013).  Here, defendant publicly registered its business with the New York Secretary of State under the name "Shakuff Custom Glass Lighting Inc.," *see* Dkt. 27-5 at ECF page 2, and used the mark in connection with the same type of lighting business as plaintiff.  *See* Compl. ¶¶ 9, 20; Dkt. 27-6 (screenshot of "Bizapedia" website page for SCGL).  This Court finds that plaintiff has satisfied the second threshold element.

Third, plaintiff has not consented to the trademark's use.  *See* Compl. ¶¶ 26–30, 38.  This Court finds that plaintiff has satisfied the third threshold element.

---

[9] Plaintiff states that it "registered" the Shakuff trademark on July 21, 2021.  *See* Compl. ¶ 16.  However, according to the USPTO's trademark database, plaintiff filed its application on July 16, 2021, and the "registration date" for the trademark was July 26, 2022.  *See* Trademark Search, USPTO, https://perma.cc/FN54-M3VR (last visited Jan. 23, 2025); *FullSend, Inc. v. Nelk, Inc.*, No. 21-CV-5639, 2023 WL 2710593, at *1 n.1 (E.D.N.Y. Mar. 30, 2023) (taking judicial notice of trademark applications and registrations publicly filed with the USPTO).

### 2.    Plaintiff has established the likelihood of confusion

In light of this Court's finding that plaintiff has satisfied the threshold elements, this Court now turns to the issue of whether defendant's use of plaintiff's mark is likely to cause confusion.  Plaintiff must establish that as a result of defendant's use of the mark "an appreciable number of ordinarily prudent purchasers are likely to be misled, or simply confused, as to the source of the goods in question."  *Flushing Bank v. Green Dot Corp.*, 138 F. Supp. 3d 561, 583–84 (S.D.N.Y. 2015); *see also* 15 U.S.C. § 1114(1).  To analyze the "likelihood of confusion," courts rely on a number of factors referred to as the *Polaroid* factors.  *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).  The *Polaroid* factors are a set of "nonexclusive factors likely to be pertinent in addressing the issue of likelihood of confusion, which are routinely followed in such cases."  *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003).  Six of the *Polaroid* factors relate to likelihood of consumer confusion as follows: (1) the strength of plaintiff's mark; (2) the similarity of defendant's mark to plaintiff's; (3) the proximity of the products sold under defendant's mark to those sold under plaintiff's; (4) where the products are different, the likelihood that plaintiff will begin selling the products being sold by defendant; (5) the existence of actual confusion among consumers; and (6) the sophistication of consumers.[10]  *Id.* at 146–47.  The first three factors are considered "the most significant." *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987).  "[C]ourts generally should not treat any single factor as dispositive. . . .  Instead, the court should focus on the ultimate question of whether consumers are likely to be confused."  *Playtex Prods., Inc. v. Ga.-Pac. Corp.*, 390 F.3d 158, 162 (2d Cir. 2004) (internal quotation marks omitted), *superseded*

---

[10] The additional *Polaroid* factors, "defendants' good or bad faith and the quality of defendants' products," relate to issues other than likelihood of confusion, including harm to plaintiff's reputation and choice of remedy.  *Virgin Enters.*, 335 F.3d at 147.

by statute on other grounds as recognized in *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 107–08 (2d Cir. 2009).

Based on these *Polaroid* factors, this Court finds that plaintiff has established a likelihood of confusion because defendant's actions "are likely to cause confusion" with plaintiff's mark. Plaintiff has shown that the Shakuff mark is a protectable trademark, that it has used and registered it, and that Shakuff is "associated with the strong reputation and high quality of products that Shakuff manufactures, offers for sale, and sells." Sidof Aff. ¶ 7.

Plaintiff alleges that defendant's "use of the name '*Shakuff*' . . . in connection with the sale, offer for sale, and licensing for sale of custom glass lighting products is likely to cause confusion" as to the source, sponsorship or affiliation, connection or association of defendant with plaintiff or as to the origin, sponsorship, or approval of defendant's products by plaintiff. Compl. ¶ 26; *see also id.* ¶ 32.

Defendant has used plaintiff's "Shakuff" trademark in the same context in which plaintiff uses the mark. Defendant's corporate name, "Shakuff Custom Glass Lighting, Inc.," is nearly identical to plaintiff's name, as it incorporates both plaintiff's trademarked name ("Shakuff") and the goods and services (*i.e.*, custom glass lighting) associated with the trademarked Shakuff name. Sidof Aff. ¶ 6 ("Shakuff registered the word 'Shakuff' as pertains to the following goods and services: lighting fixtures, chandeliers, pendant lighting fixtures, lamps, floor lamps, table lamps, and wall lights."). Plaintiff is in the custom lighting business, and defendant incorporated a business name containing not only plaintiff's registered trademark—"Shakuff"—but also a similar business description—"Custom Glass Lighting"—which appears on a public website. *See* Compl. ¶ 11; Dkt. 27-6 (screenshot of "Bizapedia" website page for SCGL). Based on an analysis of the *Polaroid* factors, this Court finds that defendant's identical use of the term

"Shakuff" in connection with the same lighting business as plaintiff's business would likely result in consumer confusion.

Accepting these allegations as true, this Court finds that plaintiff plausibly established that defendant's actions are likely to cause confusion between the parties' business names and the lighting services they provide, and plaintiff has successfully established a claim for trademark infringement under the Lanham Act.

### B.    Federal False Designation of Origin, 15 U.S.C. § 1125(a) (Second Cause of Action)

Plaintiff alleges a "false designation of origin" claim under the Lanham Act, 15 U.S.C. § 1125(a). Section 1125(a) provides that a person is liable for false designation of origin if the person:

> on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion. . . .

15 U.S.C. § 1125(a)(1).

Section 1125(a) is designed "to prevent consumer confusion regarding a product's source . . . and to enable those that fashion a product to differentiate it from others on the market." *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc*., 228 F.3d 56, 61 (2d Cir. 2000) (alteration in original) (citation omitted). When analyzing claims for trademark infringement and false designation of origin under the Lanham Act, Courts apply similar standards. *See Boston Rest. Assocs., Inc. v. Ward*, No. 17-CV-5557, 2018 WL 5456669, at *6 (E.D.N.Y. Aug. 1, 2018); *Sola Franchise Corp. v. Solo Salon Studios Inc*., No. 14-CV-946, 2015 WL 1299259, at *7 (E.D.N.Y. Mar. 23, 2015) ("standards for false designation of origin claims under . . . 15 U.S.C. § 1125 . . . are the same as for trademark infringement claims under . . . 15 U.S.C.

§ 1114.").

Here, defendant's actions in using the name "Shakuff" in connection with the offering for sale, sale, and licensing of custom glass lighting products is likely to cause confusion, to cause mistake, or deceive as to the affiliation, connection, or association of defendant with plaintiff or as to the origin, sponsorship, or approval of defendant's products by plaintiff. *See* Compl. ¶ 32; Dkt. 27-6 (screenshot of "Bizapedia" website page for SCGL). Since plaintiff has satisfied the elements of a trademark infringement claim and has established that defendant's use of the Shakuff name is likely to cause confusion as to the origin of defendant's goods and services, this Court respectfully recommends granting plaintiff's motion for default judgment with respect to its false designation of origin claim under 15 U.S.C. § 1125(a).

**C.    Liability for Trademark Infringement and Unfair Competition Under New York Law (Third and Fifth Causes of Action)**

Plaintiff also alleges trademark infringement (Third Cause of Action) in violation of New York common law and New York General Business Law § 360-k, and unfair competition (Fifth Cause of Action) under New York common law.

Little difference exists between the trademark infringement and unfair competition claims brought under New York state law and those brought under the Lanham Act. Courts employ "substantially similar standards when analyzing claims for trademark infringement [and unfair competition] under the Lanham Act, 15 U.S.C. § 1114(1)(a)[,] . . . trademark infringement under New York common law[,] and unfair competition under New York common law." *Mitsubishi Motors N. Am. Inc. v. Grand Auto., Inc.*, No. 18-CV-814, 2018 WL 2012875, at *9 n.9 (E.D.N.Y. Apr. 30, 2018) (first alteration in original); *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) ("[T]he elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law

mirror the Lanham Act claims." (internal quotation marks and citation omitted)); *CommScope, Inc. of N. Carolina v. Commscope (U.S.A.) Int'l Grp. Co.*, 809 F. Supp. 2d 33, 38 (N.D.N.Y. 2011) ("Having established Defendant's liability for trademark infringement under the Lanham Act, Plaintiff has also established liability under New York State common law."); *optionsXpress, Inc. v. optionsXpress Inc.*, No. 14-CV-956, 2014 WL 3728637, at *2 (S.D.N.Y. July 28, 2014) ("Because the analysis for trademark infringement under New York common law is the same as federal trademark analysis, the foregoing establishes liability under GBL § 360-k."); *Artemis Mktg. Corp. v. Rooms 2 Go Furniture, Inc.*, No. 09-CV-2413, 2009 WL 3247008, at *1 (E.D.N.Y. Oct. 6, 2009) (finding that allegations sufficient to establish plaintiff's Lanham Act claims "also suffice to establish Plaintiff's claims for trademark infringement and unfair competition under New York common law").

Section 360-k provides in relevant part as follows:

[A]ny person who shall:  (a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this article in connection with the sale, distribution, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services; or . . . shall be liable in a civil action by the registrant for any and all of the remedies provided in section three hundred sixty-l of this article . . . .

N.Y. Gen. Bus. Law § 360-k (footnote omitted).

Having established liability under the Lanham Act, plaintiff's allegations also establish liability for trademark infringement under New York common law and New York General Business Law § 360-k.

With respect to plaintiff's unfair competition claim, plaintiff "can also establish liability on its unfair competition claim under New York common law by showing that [defendant's] infringement was in bad faith."  *Pita v. Tulcingo Car Serv., Inc.*, No. 10-CV-0481, 2011 WL

1790833, at *5 (E.D.N.Y. Apr. 7, 2011); *Sussman-Automatic Corp. v. Spa World Corp.*, 15 F. Supp. 3d 258, 273 (E.D.N.Y. 2014) ("The elements of unfair competition under New York State common law closely parallel the elements of unfair competition under the Lanham Act, except that a plaintiff must show either actual confusion or a likelihood of confusion, and there must be some showing of bad faith on the part of the defendants." (internal quotation marks and citation omitted)).

Court have found "bad faith" where "the defendant adopted its mark with the intention of capitalizing on plaintiff's reputation and goodwill and any confusion between his and the senior user's product." *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir. 1991). "A defendant's awareness of the plaintiff's mark may give rise to an inference of bad faith, which is bolstered if the defendant offers no credible explanation for its adoption of the mark." *Pita*, 2011 WL 1790833, at *5.

Here, defendant selected the corporate name "Shakuff Custom Glass Lighting Inc." to be strikingly similar to plaintiff's corporate name "Shakuff LLC" and incorporated plaintiff's registered trademark "Shakuff" in its name. *See* Compl. ¶ 24; Dkt. 27-3. Defendant's decision to choose a corporate name nearly identical to plaintiff's name and to engage in an identical business demonstrates defendant's bad faith. *See CommScope,* 809 F. Supp. 2d at 38–39. Defendant seeks to capitalize on plaintiff's goodwill and reputation. This Court finds that plaintiff has sufficiently established a claim for unfair competition under New York common law.

In sum, accepting plaintiff's allegations as true, this Court finds that defendant SCGL is liable for trademark infringement under General Business Law § 360-k and New York common law, and unfair competition under New York common law. This Court therefore respectfully

recommends granting plaintiff's motion for default judgment as to the Third and Fifth causes of action.

### D.    Liability for Injury to Business Reputation and Dilution Under New York General Business Law § 360-l (Fourth Cause of Action)

Plaintiff alleges a claim under New York General Business Law § 360-l for injury to business reputation and dilution.  Section 360-l provides for "injunctive relief" when there is a "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name."  N.Y. Gen. Bus. Law § 360-l.  "Unlike claims for trademark infringement, no proof of 'competition between the parties or . . . confusion as to the source of goods or services' is required."  *Disney Enters., Inc. v. Sarelli*, 322 F. Supp. 3d 413, 439 (S.D.N.Y. 2018) (alteration in original) (quoting N.Y. Gen. Bus. Law § 360-l).  "[T]o establish dilution, plaintiff must demonstrate '(1) ownership of a distinctive mark, and (2) a likelihood of dilution.'"  *Mintable Pte. Ltd. v. Mintology Inc.*, No. 23-CV-8215, 2024 WL 3454825, at *9 (S.D.N.Y. July 18, 2024) (quoting *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 506 (2d Cir. 1996)); *see CommScope,* 809 F. Supp. 2d at 39.

"Distinctiveness, in this context, is measured by 'the strength of a mark for infringement purposes.'" *Lyons P'Ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 116 (E.D.N.Y. 2010) (quoting *Johnson & Johnson Consumer Cos. v. Aini*, 540 F. Supp. 2d 374, 394 (E.D.N.Y. 2008)).  Dilution refers to "either the blurring of a mark's product identification or the tarnishment of the affirmative associations a mark has come to convey."  *Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 42 (2d Cir. 1994).

Here, plaintiff has shown injury to business reputation and dilution.  Plaintiff alleges ownership of the "Shakuff" trademark in connection with custom lighting goods and services. *See* Compl. ¶¶ 15–16; Dkt. 27-3.

Defendant uses the same "Shakuff" mark as plaintiff, and the parties engage in the same type of lighting business. As a result, defendant's use of the name "Shakuff" in connection with custom glass and lighting products is likely to injure plaintiff's reputation and dilute the quality of plaintiff's mark and trade name. *See* Compl. ¶ 44.

Thus, accepting these allegations as true, this Court finds that defendant is liable for injury to business reputation and dilution under New York General Business Law § 360-l. Plaintiff's allegations plausibly suggest that defendant's use of the infringing mark to market its goods and services has diluted plaintiff's business name and reputation. *See CommScope*, 809 F. Supp. 2d at 39 (finding that plaintiff established liability on motion for default judgment where defendant used the word "Commscope" in its corporate name and licensed it to third parties, which was likely to injure the business name and reputation of plaintiff's mark).

### E.    Liability for Deceptive Acts and Practices (Sixth Cause of Action)

Plaintiff alleges a claim for deceptive acts and practices under New York General Business Law § 349 and New York common law. Since plaintiff has satisfied the requirements for obtaining injunctive relief under New York General Business Law § 360, the Court need not address this additional cause of action. Even if the Court were to consider this claim, this Court finds that plaintiff has sufficiently alleged a violation of Section 349 and New York common law.

Section 349 of the New York General Business Law prohibits "'[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service' in New York." *GTFM, Inc. v. Solid Clothing, Inc.*, 215 F. Supp. 2d 273, 301 (S.D.N.Y. 2002) (alteration in original) (quoting N.Y. Gen. Bus. Law § 349(a)). "A party challenging an act or practice under Section 349 must show that: (1) defendant engaged in a consumer-oriented act,

17

(2) that the consumer-oriented act was misleading in a material way, and (3) that plaintiff consequently suffered injury." *GTFM*, 215 F. Supp. 2d at 301–02. Plaintiff satisfies this standard by "alleg[ing] facts plausibly suggesting that Defendant intentionally registered its corporate name to be confusingly similar to Plaintiff's . . . trademark" and plaintiff "has suffered, and will continue to suffer, damages as a result of Defendant's use of its confusingly similar corporate name." *CommScope*, 809 F. Supp. 2d at 40.

Here, plaintiff alleges that defendant's "use of the name 'Shakuff' and the corporate name Shakuff Custom Glass Lighting Inc. in connection with the sale, offer for sale, and licensing for sale of custom glass lighting products is likely to cause confusion" and that plaintiff has suffered, and will continue to suffer, harm as a result. Compl. ¶¶ 56, 58, 59. Plaintiff further alleges that defendant's actions are willful. *Id.* ¶ 60.

Plaintiff has therefore "alleged facts plausibly suggesting that Defendant intentionally registered its corporate name to be confusingly similar to Plaintiff's [Shakuff] trademark" and has "further alleged facts plausibly suggesting that it has suffered, and will continue to suffer, damages as a result of Defendant's use of its confusingly similar corporate name." *CommScope*, 809 F. Supp. 2d at 40 (issuing a default judgment where plaintiff alleged that defendant intentionally registered its corporate name to be confusingly similar to plaintiff's "CommScope" trademark and that plaintiff would continue to suffer damages because of defendant's use of the similar name). Thus, this Court finds that plaintiff has plausibly alleged facts giving rise to liability under Section 349.

## III.    Requested Relief

Plaintiff requests that the Court (1) enter judgment against SCGL declaring that defendant violated 15 U.S.C. §§ 1114, 1125(a) and New York State common law and statutes

through its use of the "Shakuff" trademark, (2) permanently enjoin defendant from further violating plaintiff's trademark rights, (3) order defendant to permanently cease using the "Shakuff" trademark, and (4) order the New York Secretary of State to strike the corporate name "Shakuff Custom Glass and Lighting Inc." from its record and bar defendant from any future corporate filings using the term "Shakuff." *See* Compl. at ECF pages 7–9; Dkt. 27-9 (proposed default judgment order). Plaintiff requests only injunctive relief and is not seeking monetary damages.[11]

"A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006) (internal quotation marks and citation omitted). Satisfying the second condition requires the party seeking an injunction to "demonstrate irreparable harm and the absence of an adequate remedy at law." *Id.*; *see also Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 290 (S.D.N.Y. 2003) ("To obtain a permanent injunction, [the requesting party] must demonstrate (1) actual success on the merits and (2) irreparable harm.").

Here, plaintiff has satisfied the first condition because Section 34 of the Lanham Act gives a district court the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a); *see CommScope*, 809 F. Supp. 2d at 41.

With respect to the prerequisites for the issuance of an injunction, first, plaintiff has established success on the merits because defendant's default constitutes an admission of

---

[11] Plaintiff initially sought compensatory damages and attorneys' fees but later withdrew this request. *See* Pl.'s Mem. at 1, Dkt. 27-10 at ECF page 7.

liability. *See CommScope*, 809 F. Supp. 2d at 41; *Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, No. 07-CV-1784, 2007 WL 3287368, at *6 (S.D.N.Y. Nov. 7, 2007) ("Because the defendants' default constitutes an admission of liability, [plaintiff] has established success on the merits.").

Second, "[i]n trademark disputes, a showing of likelihood of confusion establishes . . . irreparable harm." *Malletier v. Burlington Coat Factory Warehouse Corp*., 426 F.3d 532, 537 (2d Cir. 2005) (internal quotation marks omitted); *see also Lobo Enters., Inc.*, 822 F.2d 331, 333 (2d Cir. 1987) ("In a trademark case, irreparable injury is established where there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." (internal quotation marks and citation omitted)).

Here, as discussed above, this Court finds that there is a likelihood of confusion, and therefore plaintiff has established irreparable harm.

This Court also finds that there exists no adequate remedy at law. *See CommScope*, 809 F. Supp. 2d at 41 (finding that there was no adequate remedy at law where plaintiff alleged that defendant's infringing use of its trademark would continue unless restrained). Plaintiff argues that there is no adequate remedy at law for its request that the Court enjoin defendant from using its corporate name because "defendant['s] infringing use of the corporate name will continue unless restrained" and damages in this instance are allegedly difficult to calculate because they involve harm to plaintiff's reputation. *See* Pl.'s Mem. at 14, Dkt. 27-10 at ECF page 20 (citing *CommScope*, 809 F. Supp. 2d at 41).

Relying on plaintiff's allegations and similar cases where courts have awarded injunctive relief on similar claims, this Court finds that plaintiff has established that there is no adequate

remedy at law and therefore injunctive relief is appropriate. *See CommScope*, 809 F. Supp. 2d at 41–42 (enjoining defendant from using a corporate name that was confusingly similar to plaintiff's trademark and noting that "[o]ther courts have similarly required infringers to cease using a company name that is confusingly similar to a protected trademark"); *De Venustas v. Venustas Int'l, LLC*, No. 07-CV-4530, 2007 WL 2597122, at *7–8 (S.D.N.Y. Sept. 11, 2007) (finding that even sophisticated consumers were likely to be confused be defendant's similar trade name and awarding plaintiff injunctive relief); *see also Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 15 F. Supp. 2d 389, 401 (S.D.N.Y. 1998), *aff'd*, 192 F.3d 337 (2d Cir. 1999).

In addition to requesting that the Court permanently enjoin defendant from further violating plaintiff's trademark rights and order defendant to permanently cease using the "Shakuff" trademark, plaintiff also requests that the Court order the New York Secretary of State to strike "Shakuff Custom Glass Lighting, Inc." from its register of corporations and that defendant be barred from future corporate name filings that include the term "Shakuff" or variations thereof. *See* Compl. at ECF page 9. However, plaintiff has acknowledged that it is unaware of any cases where a federal court directed the New York Secretary of State to strike an entity from its register of corporations. *See* Letter to the Court dated Jan. 3, 2025, Dkt. 32. Further, in *CommScope*—a case cited by plaintiff in its memorandum of law—a district court in the Northern District of New York found that it did not have the authority to grant the relief that plaintiff requests here. *See CommScope*, 809 F. Supp. 2d at 42. Specifically, the court declined to direct the Secretary of State to dissolve defendant's corporate name "because, among other things, injunctive relief may not ordinarily be issued against non-parties." *Id.* The court also noted that "while a state court may issue such relief, a federal court is seemingly without the same authority." *Id.* (footnote and citation omitted).

Thus, this Court respectfully recommends granting in part plaintiff's request for injunctive relief, enjoining defendant from further violating plaintiff's trademark through the use of the word "Shakuff" as set forth in plaintiff's proposed default judgment order, Dkt. 27-9, but denying the request directing the New York Secretary of State to dissolve defendant's corporate name a set forth in paragraph (f) of the same proposed order.

## Conclusion

For the reasons set forth above, this Court respectfully recommends granting plaintiff's motion of default judgment in part and (1) entering judgment against Shakuff Custom Glass Lighting, Inc. for violating 15 U.S.C. §§ 1114, 1125(a) and New York State common law and statutes through its use of the "Shakuff" trademark, (2) permanently enjoining defendant from further violating plaintiff's trademark rights, and (3) ordering defendant to permanently cease using the "Shakuff" trademark.  However, this Court recommends denying plaintiff's request that the Court direct the New York Secretary of State to dissolve defendant's corporate name.

A copy of this Report and Recommendation is being electronically served on counsel. Further, this Court directs plaintiff's counsel to serve a copy of this Report and Recommendation on defendant by overnight mail and first-class mail at defendant's registered business address and to file proof of service on ECF by **March 12, 2025**.  Any objections to the recommendations made in this Report must be filed with the Honorable Eric R. Komitee within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 21, 2025**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
        March 7, 2025

                                    s/ James R. Cho_____
                                    James R. Cho
                                    United States Magistrate Judge